UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Petitioner,<br><br>  v.<br><br>D. DAVEY,<br><br>    Respondent. | Case No.: 1:16-cv-01607-JLT (HC)<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

In this action, Petitioner challenges a prison disciplinary hearing held on November 21, 2015, at which Petitioner was found guilty of possessing an inmate manufactured weapon. Petitioner filed the instant petition on October 26, 2016. (Doc. 1).

**DISCUSSION**

A.   <u>Procedural Grounds for Summary Dismissal.</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed

without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

      B.   <u>Exhaustion of Remedies</u>.

A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

In this case, Petitioner states he has exhausted his administrative remedies; however, he fails to state whether he has presented his claims to the California Supreme Court. In his amended petition, Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and provide copies of the state high court's orders denying those claims.

      C.   <u>Failure to State a Cognizable Federal Habeas Claim</u>.

A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).

However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections.  Id. at 571-71 n. 9.

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.  Id. at 564, 566, 570.

In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 454 (1985).  In reviewing a decision for "some evidence," courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." Id. at 455-56.  The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

In this case, Petitioner claims his constitutional rights were violated because prison staff claimed no video recording of the incident existed even though policy requires prison staff to record "use of force" incidents.  Nevertheless, a videotaped recording of a use of force incident is not a minimum due process requirement, and Petitioner does not claim that any of the due process requirements identified above were violated.  Therefore, he fails to state a claim for relief.

## ORDER

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition curing the deficiencies identified above, if he is able.  Otherwise, the Court will recommend the action be dismissed. Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is **DISMISSED**.  Petitioner is **GRANTED thirty days** from the date of service of this order to file a first amended petition that is in complies with this order; and

2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**<u>Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed.</u>**

IT IS SO ORDERED.

Dated: **December 8, 2016**             /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE

4