1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| ROBERTO HERRERA, | Case No.  1:16-cv-01607-JLT (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| D. DAVEY, | FINDINGS AND RECOMMENDATION TO DISMISS ACTION |
| Respondent. | [TEN DAY OBJECTION DEADLINE] |

12

13

14

15

16

17        On October 26, 2016, Petitioner filed a petition for writ of habeas corpus in this Court.

18 The Court subsequently issued new case documents and an order directing Petitioner to notify

19 the Court within thirty days whether he consents or declines to the jurisdiction of the Magistrate

20 Judge.  Over thirty days passed and Petitioner failed to comply.  On December 9, 2016, the Court

21 issued an order dismissing the petition and directing Petitioner to file an amended petition within

22 thirty days.  Over thirty days passed and Petitioner failed to comply.  On December 13, 2016, the

23 Court issued a second order directing Petitioner to notify the Court within thirty days whether he

24 consents or declines to the jurisdiction of the Magistrate Judge.  Over thirty days passed and

25 Petitioner failed to comply.  Because Petitioner has failed to comply with multiple Court orders,

26 the Court will recommend the petition be **DISMISSED**.

27                                          **DISCUSSION**

28        Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these

1

1    Rules or with any order of the Court may be grounds for imposition by the Court of any and all

2    sanctions authorized by statute or Rule or within the inherent power of the Court."   District

3    courts have the inherent power to control their dockets and "in the exercise of that power, they

4    may impose sanctions including, where appropriate . . . dismissal of a case."   Thompson v.

5    Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).   A court may dismiss an action, with

6    prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or

7    failure to comply with local rules.   See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 54 (9th Cir. 1995)

8    (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 61 (9th

9    Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

10   Carey v. King, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local

11   rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service,

12   833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson

13   v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to

14   comply with local rules).   In determining whether to dismiss an action for lack of prosecution,

15   failure to obey a court order, or failure to comply with local rules, the court must consider

16   several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

17   need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

18   favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

19   Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260 61; Malone, 833 F.2d at 130; Thompson, 782

20   F.2d at 831; Henderson, 779 F.2d at 1423 24.

21        In the instant case, the Court finds that the public's interest in expeditiously resolving this

22   litigation and the Court's interest in managing the docket weigh in favor of dismissal because

23   this case has been pending in this Court since October 26, 2016, with no further communication

24   from Petitioner.   The third factor, risk of prejudice to defendants, also weighs in favor of

25   dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an

26   action.   Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth factor, public

27   policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor

28   of dismissal.  Finally, there are no less drastic alternatives since Petitioner has completely failed

2

1   to comply with Court orders and communicate with the Court.

2                                            **ORDER**

3          Accordingly,   the Clerk of Court is DIRECTED to assign a District Judge to the case.

4                                     **RECOMMENDATION**

5          Accordingly, the Court RECOMMENDS that this action be DISMISSED for Petitioner's

6   failure to comply with court orders.

7          This Findings and Recommendation is submitted to the assigned District Court Judge,

8   pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

9   Practice for the United States District Court, Eastern District of California.  Within ten days after

10  service of the Findings and Recommendation, Petitioner may file written objections with the

11  Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

12  Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28

13  U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified

14  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

15  (9th Cir. 1991).

16
    IT IS SO ORDERED.
17

18     Dated:   __**January 23, 2017**__              ____**/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

                                               3